JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

BENJAMIN P. TOLKOFF (NYBN 4294443)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7296
   Facsimile: (415) 436-7234
   Email: Benjamin.Tolkoff@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 10-550 RS |
|    Plaintiff, ) | |
| ) | [~~PROPOSED~~] **ORDER OF DETENTION** |
| v. ) | **OF DEFENDANT LEEVERETT HALL** |
| ) | |
| LEEVERETT HALL, ) | |
| ) | |
|    Defendant. ) | |

     The defendant Leeverett Hall came before this Court on July 23, 2010, for a detention hearing. The defendant was present and represented by Assistant Federal Public Defender, Ms. Jodi Linker. Assistant United States Attorney Benjamin Tolkoff represented the United States.

     The government requested detention, submitting that no condition or combination of conditions of release would reasonably assure the safety of the community or assure the defendant's presence as required.

     Pretrial Services submitted a report recommending detention of the defendant on the grounds of danger to the community.

[PROPOSED] DETENTION ORDER
IULIO; CR 10-168 JSW

Upon consideration of the Pretrial Services report, the court file and the party proffers as discussed below, the Court finds by clear and convincing evidence that the defendant poses a danger to the community and that no conditions could reasonably assure the safety of the community. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1)  the nature and seriousness of the offense charged;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The defendant is charged with one count of violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). The instant charge stems from an incident on or about March 23, 2010. San Francisco Police officers of were investigating a report of an assault in the Bayview neighborhood of San Francisco. The officers were given a description of a suspect and saw the defendant, who matched that description. The officers called to the defendant telling him they wanted to talk to him. Upon seeing the officers, the defendant fled. During the course of his flight, the defendant discarded a loaded firearm. The defendant was subsequently arrested and made a confession to possession of the firearm. The defendant is reported to be a validated member of the "Bloods," a violent street gang.

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could  reasonably assure the safety of the community if the defendant were released:

First, despite the defendant's youth, he has suffered a great number of arrests and

convictions.  He was first convicted of a misdemeanor sex offense - which charge stemmed from a rape allegation - while in his adolescence.  Although the defendant was very young at the time of this offense, he has consistently been in trouble with the law for the intervening nine years.  The defendant has a number of juvenile offenses, including an attempted escape from a corrections facility.  Upon reaching adulthood, the defendant suffered three convictions in short succession, one for narcotics possession, one for gang affiliation and as recently as January 2010, a conviction for forcing another to commit an act of prostitution.  The defendant's gang affiliation conviction stemmed from an incident where the defendant was arrested for shooting into an inhabited dwelling.  The defendant was on probation in two independent matters at the time he allegedly committed the instant offense.

The defendant's medical records reflect that he has been both shot and stabbed.  Although he appears to have been a victim in those incidents, the report raises serious concern for the Court that the defendant is closely related to street violence and gun violence in particular.

The pretrial services report and the proffer of government counsel reflects that defendant is not amenable to the supervision of the Court and a danger to the community.

These factors, among others adduced at the hearing, demonstrate by clear and convincing evidence that the defendant is a danger to the community.

Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

(1)  the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2)  the defendant be afforded reasonable opportunity for private consultation with his counsel; and,

//
//
//
//
//
//

[PROPOSED] DETENTION ORDER
BARTON; CR 10-259 MHP

1  //

2     (3) on order of a court of the United States or on request of an attorney for the
3  government, the person in charge of the corrections facility in which the defendant is confined
4  shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any
5  appearance in connection with a court proceeding.

7  Dated: 7/27/10

             _____
             HONORABLE NANDOR J. VADAS
             United States Magistrate Judge

[PROPOSED] DETENTION ORDER
BARTON; CR 10-259 MHP